IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| PETRO FRANCHISE SYSTEMS, LLC, a Delaware Limited Liability Company, and TA OPERATING, LLC, a Delaware Limited Liability Company,<br><br>    Plaintiffs,<br><br>v.<br><br>ALL AMERICAN PROPERTIES, INC., a Pennsylvania Corporation, f/k/a/ All American Plazas, Inc.,<br><br>    Defendant . | Civil Action No. 10-CV-186-KC |

## ORDER

On this day, the Court considered Plaintiffs Petro Franchise Systems, LLC and TA Operating, LLC's (collectively, "Plaintiffs") "Motion for Contempt and Request for a Show Cause Hearing Arising from Defendant's Refusal to Comply with the Court Ordered Injunction" ("Plaintiffs' Motion") (Doc. No. 81). In their Motion, Plaintiffs allege that Defendant All American Properties ("Defendant") has violated, and continues to violate, the permanent injunction issued by the Court on May 21, 2010. *Id.* ¶ 1 (citing Order, Jan. 14, 2010; Order, May 21, 2010; Order, May 24, 2010). In response, Plaintiffs motion the Court to order a show cause hearing and to "fashion a suitable remedy designed to secure All American's immediate compliance with the Orders," should the Court find that Defendant is unable to show cause for its violation. Pls.' Mot. ¶ 5.

The permanent injunction issued against Defendant was ordered after Defendant filed its

petition for Chapter 11 bankruptcy.  *See* Order, May 21, 2010.  Therefore, any claims brought by Plaintiffs in response to Defendant's alleged violations of the Court-ordered permanent injunction are postpetition claims.  *See In re Baseline Sports, Inc.*, 393 B.R. 105, 128 (Bankr. E.D. Va. 2008) ("Whether a claim arises pre-petition . . . turns on whether the events giving rise to the claim occurred prior to the date the Debtor filed its bankruptcy petition.").  As such, the automatic stay poses no immediate bar to Plaintiffs' request for relief.  *See* 11 U.S.C. § 362(a)(1) (noting that the automatic stay only applies to actions or proceedings that were or could have been commenced prior to the debtor's bankruptcy filing); *see also Bellini Imports, Ltd. v. Mason and Dixon Lines, Inc.*, 944 F.2d 199, 201 (4th Cir. 1991) ("The stay is limited to actions that could have been instituted before the petition was filed or that are based on claims that arose before the petition was filed.").

However, Plaintiffs, in their Motion, have failed to specify the type of relief that they are requesting.  Assuming that Plaintiffs seek damages, the Court notes that the automatic stay applies to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" or to "any act to create, perfect, or enforce any lien against property of the estate."  *See* 11 U.S.C. § 362(a)(3)-(4).  "Because attachment or execution of a judgment obtained as a result of a post-petition claim would fall within the stay provision of subsections 362(a)(3) and (4), a creditor must obtain relief from the stay to satisfy a judgment against property of the bankruptcy estate."  *Bellini Imports, Ltd.*, 944 F.2d at 201-02 (citing *In re Anderson*, 23 B.R. 174 (Bankr. N.D. Ill. 1982); *Turner Broad. Sys., Inc. v. Sanyo Elec., Inc.*, 33 B.R. 996, 1000 n. 2 (N.D. Ga. 1983), *aff'd sub nom. Turner Broad. v. Rubin*, 742 F.2d 1465 (11th Cir. 1984) (unpublished)).  Furthermore, unlike Chapter 7 discharges, which

"deal[] only with debts incurred prior to the filing of the petition, [Chapter 11] discharges the debtor from any debt (with certain exceptions) that arose before the date of confirmation." *See Matter of Christopher*, 28 F.3d 512, 515 (5th Cir. 1994). Thus, even if the Court were to grant Plaintiffs' Motion, the enforcement of any judgment obtained may be barred by the automatic stay or discharged in course of Defendant's bankruptcy proceedings. Although the Court acknowledges Defendant's egregious behavior in disobeying its orders, it is hesitant to engage in acts of futility.

In the alternative, if Plaintiffs seek monetary relief in the form of a civil contempt sanction, the Court points to its May 21, 2010, Order. *See* Order, May 21, 2010 at 15-16. In its Order, the Court expressed its concerns with regard to issuing monetary sanctions against Defendant during the pendency of Defendant's bankruptcy proceedings. Specifically, the Court noted that such sanctions would interfere with the bankruptcy court's power to equitably distribute Defendant's assets and would have a detrimental effect on Defendant's remaining creditors. *Id.*

Plaintiffs have put forth no arguments that justify the Court's intervention at this stage in the bankruptcy proceedings. *See In re Baseline Sports, Inc.*, 393 B.R. 105, 130 (Bankr. E.D. Va. 2008) (holding that, in general, non-administrative postpetition claims can only be exercised against a debtor after confirmation); *In re Baldwin-United Corp Litig.*, 765 F.2d 343, 347 (2d Cir. 1985) (holding that the improper interference with reorganization proceedings was a misuse of the district court's powers). Accordingly, **IT IS HEREBY ORDERED THAT** Plaintiffs advise the Court of the specific relief they seek. **IT IS FURTHER ORDERED THAT** Plaintiffs provide the Court with additional briefing, with citation to legal authority, supporting

the type of relief requested.  Should Plaintiffs seek monetary damages, Plaintiffs shall provide additional briefing on how any damages judgment would be either non-dischargeable or otherwise exempted from the automatic stay.  Should Plaintiffs seek civil contempt sanctions, Plaintiffs shall provide additional briefing as to why the Court ought to intervene at this stage in the bankruptcy proceedings despite the fact that any sanctions are likely to have a negative impact on Defendant's other creditors and to interfere with the bankruptcy court's fair distribution of Defendant's assets.

**SO ORDERED**.

**SIGNED** on this 4th day of June 2010.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE